WASHINGTON MUTUAL
BANK, Plaintiff,

v.

BELLATRIX, Official No. 696747, her en-
gines, machinery, equipment and appurte-
nances, In Rem; et al., Defendants.

No. C–97–1069 WHO.

United States District Court,
N.D. California.

Aug. 8, 1997.

Genese Dopson Smith, Casey L. Merrill, Smith & Wong, Kentfield, CA, for Plaintiffs.

OPINION AND ORDER

ORRICK, District Judge.

In a complaint in admiralty, plaintiff Washington Mutual Bank ("Bank") brought a claim *in rem* against defendant BELLATRIX ("Vessel"), and claims *in personam* against defendants Robert and Myrna Mussetter (the "Mussetters") and William Claude, Inc.[1] The Court issued a warrant for the arrest of the Vessel, and defendants now move to set aside the warrant. For the reasons hereinafter stated, defendants' motion to set aside the warrant for arrest of the Vessel is DENIED.

I.

The Bank instituted this action to collect on a promissory note and preferred ship mortgage constituting a maritime lien. The complaint was filed on March 27, 1997, along with an *ex parte* application for the issuance of a warrant of maritime arrest. The Court authorized the issuance of the warrant on the same day, and the Vessel was arrested on April 17, 1997. On May 12, 1997, the complaint was served upon the Mussetters, owners of the Vessel. On June 2, 1997, they answered the complaint, and moved the Court to set aside the warrant.

II.

Defendants make this motion principally on the ground that they were not "cited to answer," as required by the warrant.[2]

---

1. Robert Mussetter is President of defendant William Claude, Inc.

2. Supplemental Federal Rule of Civil Procedure C(6) requires that the person defending the action *in rem* have an interest in the *res*. The

(Defs'. Mot. at 1.) Defendants misinterpret the meaning of "cited to answer." Pursuant to Rule 7(a) of the Federal Rules of Civil Procedure, a defendant must file an answer to a complaint. This is all that "cited to answer" means: a complaint was filed, and defendant must answer. Defendants' answer, however, sets forth an additional argument in support of their motion, namely, that the warrant should be dismissed because they were not given notice prior to its issuance. By this, the Court presumes defendants intend to question the constitutionality of the process by which the warrant issued before defendants had an opportunity to be heard.

 Admiralty law gives the maritime lienor an interest in the vessel sufficient to detain it so that a court may enforce the lien. *Amstar Corp. v. S/S Alexandros T.*, 664 F.2d 904, 911 (4th Cir.1981). Therefore, although defendants may have an interest in the vessel, the Bank has an interest sufficient to detain the Vessel.

 In a maritime action *in rem*, "the verified complaint and any supporting papers shall be reviewed by the court and, if the conditions for an action in rem appear to exist, an order so stating and authorizing a warrant for the arrest of a vessel or other property that is the subject of the action shall issue ...." Supp. Fed.R.Civ.P. C(3). Rule C, in effect, mandates that the court issue a warrant before affording the owner of the property an opportunity to be heard. Supplemental Rule E, however, provides that whenever property is arrested, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated.[3] Supp. Fed. R.Civ.P. E(4)(f).

Although the constitutionality of this process has been challenged, Rules C and E have been upheld by the courts. Rule C, as implemented by Rule E, sets forth a process that comports with the due process clause of the Fifth Amendment.[4] *Amstar*, 664 F.2d at 912; *see also Merchants Nat'l Bank v. Dredge Gen. G.L. Gillespie*, 663 F.2d 1338 (5th Cir.1981). As the owner is presumed to be aware of the arrest of the vessel, the arrest itself notifies the owner of the pendency of the action. *DiGiovanni v. Kjessler*, 101 F.3d 76, 78 (9th Cir.1996). Rules C and E give the shipowner adequate notice of the arrest of a vessel and afford him an opportunity to be heard concerning its release. *Amstar*, 664 F.2d at 912.

In the present case, the verified complaint and supporting papers demonstrate that the Vessel was encumbered by a maritime lien. The verified complaint states the amount owed, and copies of the promissory note and the preferred ship mortgage are attached. Pursuant to Rule C, the Court issued a warrant for the arrest of the Vessel. The United States Marshal arrested the Vessel on April 17, 1997, by which the Mussetters were notified and afforded an opportunity to be heard. The Court's action was entirely proper, and mandated by the law.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion to set aside the warrant for arrest of a vessel is DENIED.

---

Mussetters assert that they have such an interest. For the purposes of this motion, the Court will assume that the Mussetters have an interest sufficient to defend the action *in rem* .

**3.** Defendants elected to submit this motion on the papers, without a hearing.

**4.** This might not be the case under common law principles. Admiralty law, however, has long been recognized as a separate area of law. *See, e.g.*, U.S. Const. Art III, § 2, cl. 1. The present

situation demonstrates that "due process is compounded of history, reason, [and] the past course of decisions, ... [and] what is unfair in one situation may be fair in another." *Joint Anti–Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 162–63, 71 S.Ct. 624, 95 L.Ed. 817 (1951) (Frankfurter, J., concurring). Because of the separate development of maritime law, and in light of the inadvisability of affording a vessel's owner the opportunity to put to sea, arresting the vessel without prior notice is considered fair.